# Central Railroad of New Jersey *versus* Green and Wife.

1. G. and his wife, who were colored people, brought an action against a railroad company for the exclusion of the wife from a railway car. The evidence of her exclusion was denied by the witnesses for the company, and it was attempted to be shown that G., who was in company with his wife, was smoking, and that the exclusion was for that reason. The smoking was denied by G. and other witnesses. The court charged that it was conceded on all sides that the wife was excluded; and further instructed the jury that there was no doubt she was excluded if the testimony be true. *Held*, that this instruction did not take the facts from the consideration of the jury, and left to them to determine whether the exclusion was on account of race or color.

2. Paxson, J., concurring, was of opinion that there was not sufficient evidence of the exclusion on account of race or color, but as there had been no assignment of error to raise the question, the judgment should stand affirmed. *And further*, that while the Act of 1867 was intended to prevent railroad companies from making distinctions between passengers on account of race and color, it did not intend that said companies should be debarred from making reasonable police arrangements in the management of their road, and if they choose to designate a particular car for certain passengers, they are not to be compelled to assign a reason therefor.

March 15th 1878. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson, Woodward and Trunkey, JJ.

Error to the Court of Common Pleas of *Luzerne county*: Of July Term 1875, No. 78.

Debt by John W. Green and wife, in right of said wife, to recover a penalty of $500 for the alleged exclusion of Mrs. Green from the cars of defendants. The suit was brought under the provision of the Act of March 22d 1867, Pamph. L. 38, as follows:

[Central Railroad Co. *v.* Green.]

" Any railroad or railway corporation, within this Commonwealth that shall exclude, or allow to be excluded, by their agents, conductors or employees, from any of their passenger cars any person or persons, on account of color or race, or that shall refuse to carry in any of their cars thus set apart, any person or persons on account of color or race, or that shall for such reason compel or attempt to compel any person or persons to occupy any particular part of any of their cars set apart for the accommodation of people as passengers, shall be liable in an action of debt to the person thereby injured or aggrieved in the sum of five hundred dollars; the same to be recovered in an action of debt as like amounts are now by law recoverable."

The defendants pleaded *nil debet*, payment with leave, &c.

At the trial before Harding, P. J., it appeared that Green and his wife, who were colored people, after purchasing tickets at Wilkesbarre, boarded the train at this station with the purpose of going to their home at Parsons, a few miles distant. The train had a smoking and two other passenger cars, and Green and his wife attempted to enter the rear car by way of its front platform. Other passengers were entering this car at the same time. Two white ladies immediately in front entered the car when Mrs. Green approached and was stopped by the brakeman, who pushed her back and pointed to the front car. She then stepped on the platform of the car in front and endeavored thereby to step on to that of the rear car, but the brakeman put up the chain and prevented her. Green then tried to take the chain down, when the brakeman locked the door. While this controversy was going on, two white ladies, one of whom was a passenger for Parsons, was permitted to enter the rear car. Not succeeding in her effort to get into the rear car, the train having meantime started, Mrs. Green entered the one in front and remained there until she reached Parsons. The car in the rear was designated the New York car and that in front the Philadelphia car, they having come from those cities respectively. They were both, however, destined for a point beyond Parsons. The brakeman did not assign Mrs. Green's color as a reason for her exclusion from the car. It was alleged, however, that Green was smoking, and that for that reason alone he was directed to the smoking-car. Three employees of the road swore positively that this was the only subject of controversy, and that Mrs. Green herself was not refused an entrance. Witnesses on the part of Green, on the contrary, denied that he was smoking.

In their charge to the jury the court said : " That Mrs. Green was excluded, there can be no doubt, if the testimony of plaintiff's witnesses be true; [and that she was excluded from the car is conceded, even by the testimony that has been produced here on the part of the defence.] Did they exclude her because of her color ? Mrs. Green was not smoking; the only bearing the matter of

[Central Railroad Co. v. Green.]

smoking has in the case, is with reference to the credibility of John W. Green. He says he was not smoking. Some witnesses say he was; others say that he had a cigar in his hand. Others again say they did not see him smoking. No person seems to have seen him smoking while he was in the passenger room, and the testimony seems to be that he went right out of the room towards the train. This is a circumstance proper for your consideration in determining as to the credibility of the man. Now, if Green was smoking, or was inebriated, either might have furnished a reason why the company should exclude him; but it would not entitle them to exclude the wife, if she was quiet and orderly, and not smoking. We say to you that if she was seeking admission to that car, and was excluded on account of her color, the company are liable. There is no positive testimony, in so many words, that the brakeman said she could not enter the rear car because she was a colored woman. But very often we have to judge of human action according to the circumstances under which it takes place. Did persons go into that car before her, and were they unmolested? That is a circumstance developed by the testimony. If they did, then it would seem that white people went into the car before her. Did they go in afterwards? If the testimony is correct—and even the brakeman says, that after these colored people went into the adjoining car, white people went into the rear car—then it would seem that white people went into that car, also, after her failure to enter. Now, that is a circumstance for your consideration in determining the reason why they excluded Mrs. Green. Was there anything about her except her color? Is there anything in the testimony that goes to show that she was excluded for any other reason? She was behaving in a very proper manner so far as the testimony shows; [and it is conceded on all sides that she was excluded.] You must consider this case with your minds free from any political or other prejudice. If the law of the state has been violated, the penalty must follow. [If this company excluded this woman from a particular car of their train, as it is conceded on all sides they did, and if such exclusion was because of her color, then she is entitled to recover the sum of $500.]

" The defendants' counsel has asked us to charge you that, in order to entitle the plaintiff to a verdict, the jury must be satisfied, under the evidence, that the plaintiff not only was excluded from the car of the defendant, but that such exclusion was because she was a colored woman. In other words, the jury must be satisfied that she was excluded because of race or color, and for no other reason. We affirm that point, [and have already charged to that effect.]"

Verdict for the plaintiffs. After judgment defendants took this writ, assigning for error, inter alia, the portions of the foregoing charge in brackets.

[Central Railroad Co. *v.* Green.]

This case was first argued on March 16th 1876, and was affirmed by a divided court. See 2 W. N. C. 590. A re-argument was subsequently ordered.

*Stanley Woodward*, for plaintiffs in error.—The question whether Mrs. Green was excluded was taken away from the jury by the instruction of the court that " it is conceded on all sides that she was excluded," and this was decisive of the case. The answer of the court to the point submitted is subject to the same objection as the general charge. It assumes the main point in controversy. We asked for a distinct charge upon the two questions: First—as to the fact of exclusion; and second—as to the cause, or reason for it. The answer of the court does not give the jury any light upon the first question, and practically refers them back to the body of the charge for instruction as to the second. In this respect we think it imperfect and erroneous.

*William H. McCartney*, for defendants in error.

The judgment of the Supreme Court was entered March 25th 1878,

PER CURIAM.—It is very clear from the whole evidence on both sides that Mrs. Green, the plaintiff, was excluded from the rear car of the train. Her husband made repeated and ineffectual attempts to put her in. The brakeman pushed her off the step as she attempted to enter, gave no reason, but said, " Go into that car," pointing to, the car ahead. She stepped upon the rear platform of the forward car, and attempted to cross to the platform of the rear car. The brakeman put up the chain. Her husband took down the chain, and as he attempted to get his wife across, the brakeman locked the door. During all this time a contrversy was going on. These facts are not controverted or disproved. In all these facts Green and his wife are distinctly corroborated. The judge below recited them and said, " The fact that the company did exclude her is not enough to entitle the plaintiff to recover. That she was excluded there can be no doubt, if this testimony be true; and that she was excluded from the car is conceded, even by the testimony that has been produced here on the part of the defence. Did they exclude her because of her color?" This statement is strictly true. Then on what principle can it be said that the judge took the facts from the jury? The defendant did not controvert the exclusion, but put it on the ground that Green had a cigar in his mouth, and was smoking. The testimony is clear that this was the only reason. The fact of smoking was denied stoutly, and Mr. and Mrs. Green's testimony on this point was thoroughly corroborated. It was the contested fact of the case, and was fully and fairly submitted to the jury, including the credibility of the witnessess, and especially

[Central Railroad Co. *v.* Green.]

of Green. The case went to the jury on the pivotal question of the case, whether the exclusion of Mrs. Green was on account of her race or color.

Here, too, we find ample evidence to go to the jury. Indeed the point put to the court by the defendants, concedes the sufficiency of the evidence, by requesting the court to charge the jury that the exclusion must have been because she was a colored woman, or because of race or color. No point was made and no error assigned as to the sufficiency of the evidence on this ground.

Green had tickets for himself and wife. They started to go into the rear car, where other passengers were entering. Two white ladies immediately in front of them entered, and as Mrs. Green stepped up, the brakeman pushed her back and pointed to the front car. She was in advance, her husband following. The brakeman did not ask them to show their tickets, and said nothing, except that she should not go into that car; told her to go to the next car. She then got on to the platform of the front car to step on to that of the rear, and the brakeman put up the chain. The husband took it down and tried to get his wife on. The brakeman locked the door. While the controversy was going on two white ladies came and were let into the rear car. One of these passengers lived at Parsons, the same place where the Greens lived, and got off there. Shortly afterwards, Judge Handley and other white persons were permitted to enter the rear car. These facts were fully corroborated by James Thomas, Mrs. Thomas and Miss Thomas, all white. Now, in the absence of all other reason than their color, and in view of the permission to white persons to enter, and the very determined and effectual means used by the brakeman to prevent entrance, what other probable inference could be drawn than that it was because of their color they were prevented. The only ground set up was that Green was smoking. But this was fairly submitted to the jury as a sufficient ground to exclude Green himself, and found against the defendants. The verdict of the jury and perhaps the weight of the evidence is against *this* excuse, so that it was clearly a question for the jury, what was the cause of exclusion. The evidence is clear that these persons were respectable, decent persons, and it is scarcely possible to conceive of any ground of exclusion on the evidence except their color, the smoking being negatived.

We perceive no error in the record, and therefore the judgment is affirmed.

SHARSWOOD, J., dissented.

Mr. Justice PAXSON filed the following concurring opinion:—
While I concur in the judgment in this case I do not agree to that portion of the opinion in which it is asserted that there was ample evidence to go to the jury of the exclusion of Mrs. Green

[Central Railroad Co. *v.* Green.]

from the car on account of color. The sufficiency of the evidence upon this point was really not before us, as no such question was made in the court below. Its discussion here might well have been omitted.

The Act of 22d March 1867, Pamph. L. 38, should receive a a reasonable construction. It was manifestly intended to prevent railroad companies making distinctions between passengers on account of race or color. In other words, to secure to colored persons the same rights in travelling as are enjoyed by others. All fair-minded people must concede that this is entirely proper. But I do not think it was intended by said act to give them superior privileges, or to so interfere with the reasonable police arrangement of railroad companies in operating their road and moving their cars as to enable a colored man to force himself into a car where, by reason of such police regulations, a white man may not enter. An ordinary traveller takes his seat in such car as may be pointed out to him by those in charge of the train. In doing so he recognises the undoubted right of the company to designate the car which he shall enter. He has a right to a seat, but not to a seat in any particular car. There are sufficient reasons why this should be so. Trains are often made up of way cars and through cars. Sometimes there are one or more cars attached occupied by private parties, excursions, &c. Of necessity those in charge of the train must have the right to assign a particular car to the passenger when he gets on the train. Nor do I think they are obliged to give any reason for the selection, otherwise needless discussions might arise in seating the passengers to the delay of the train and the annoyance of all reasonably disposed travellers. I am unable to see that the mere fact of Mrs. Green's exclusion from a particular car was evidence that such exclusion was on account of race or color. She was directed to enter a car in which white persons were seated, and which was the equal in every respect of the car from which she was excluded. One was a New York car and the other was a Philadelphia car. There was no other point of difference. Had she been forced to enter a smoking car, or a car set apart for colored persons, there would have been a clear violation of the Act of 1867, and this verdict would have been entirely proper. As no such indignity was offered her, I am of opinion that the case is wholly devoid of evidence to show her exclusion on account of race or color. As, however, this point was not raised, the judgment must be affirmed. I refer to it merely to avoid the appearance of concurring in views which I regard as not only unsound, but as unnecessary to the decision of the case.